Opinion filed April 19, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed April 19, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00204-CR 

                                                    __________

 

                             TERRANCE WAYNE POWELL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. A-31,663

 



 

                                                                   O
P I N I O N

 

The jury convicted Terrance Wayne Powell of
evading arrest or detention.  The jury
found the enhancement paragraphs to be true and assessed punishment at eight
years confinement.  We affirm.








In his first issue on appeal, appellant argues
that the trial court erred in denying his motion for an instructed
verdict.  In his second issue on appeal,
appellant contends that the evidence is factually insufficient to support his
conviction.  A challenge to the trial
court=s ruling
on a motion for an instructed verdict is in actuality a challenge to the
sufficiency of the evidence to support the conviction.  Madden v. State, 799 S.W.2d 683, 686
(Tex. Crim. App. 1990).  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S.
307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex.
Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15;  Johnson, 23 S.W.3d at
10-11.

Odessa Police Officer Toby Julian was on patrol
April 15, 2004, with Officer Jesse Garcia when they saw the driver of a Ford
Explorer commit a traffic violation. 
Officer Julian initiated the overhead lights on his patrol car and
followed the Explorer.  Officer Julian
recognized appellant as the driver of the Explorer.  Appellant stopped the Explorer in the front
yard of a known Acrack
house.@  Officer Julian testified that he pulled in
behind appellant.  Officer Julian and
Officer Garcia got out of the patrol car to make contact with appellant.  When the officers got out of the patrol car,
appellant drove off in the Explorer, jumping the curb and throwing dirt from
the vehicle.  Officers Julian and Garcia
returned to the patrol car and followed appellant approximately seventy yards
before appellant stopped the vehicle. 
Appellant was not traveling at a high rate of speed during the pursuit. 

Appellant told the officers that the carpet on his
vehicle Agot stuck@ preventing him from stopping the
vehicle.  Officer Julian testified that
appellant=s story
was not believable. 








Appellant argues that the evidence is legally and
factually insufficient to support his conviction because the pursuit occurred
over a short distance and was at a low rate of speed. Tex. Pen. Code Ann. '
38.04(a) (Vernon 2003) provides that a person commits the offense of evading
arrest or detention if Ahe
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him.@  The offense is a Class B misdemeanor except
that the offense is Aa
state jail felony if the actor uses a vehicle while the actor is in flight.@ 
Tex. Pen. Code Ann.  '
38.04(b)(1) (Vernon 2003).  

The record shows that Officer Julian activated the
overhead lights on his patrol car and followed appellant.  Appellant stopped the vehicle, and the
officers got out of their patrol car. 
Appellant then left in his vehicle after the officers attempted to detain
him.  We find that the evidence is
legally and factually sufficient to support appellant=s
conviction for evading arrest or detention. 
Appellant=s first
and second issues on appeal are overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 19, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.